Chief Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW "DREW" YIM,<br><br>  Defendant. | NO.  CR11-131 MJP<br><br>ORDER **DENYING MOTION TO DISMISS FORFEITURE OF $366,210 IN UNITED STATES CURRENCY** |

This matter comes before the Court upon the Motion of Be Bay Thi Luu to Dismiss the Forfeiture Action and Return Seized Property, specifically $ 366,210 seized from a vehicle in which she was a passenger traveling in the State of Utah, pursuant to Title 18, United States Code, Section 983.  Having reviewed Be Bay Thi Luu's motion at Docket No. 815, the Government's Response and Memorandum in Opposition with attachments thereto at Docket No. 824, and the records and files herein, the Court hereby DENIES the Motion to Dismiss the Forfeiture Action and Return Seized Property.

Movant Luu has chosen not to file a petition, pursuant to Title 21, United States Code, Sections 853(n)(2) and (n)(3), asserting a claim of ownership in $366,210 in United States currency that is subject to ancillary forfeiture proceedings in the above-captioned matter, based upon the entry, by this Court, of a Preliminary Order of Forfeiture against Defendant ANDREW "DREW" YIM, which included the forfeiture of the $ 366,210.  Instead, counsel for Movant Luu entered an appearance in the case and filed a Motion to

Dismiss Forfeiture Action and Return Seized Property.

Third parties who claim an interest in property are precluded from intervening in the criminal trial or bringing an independent suit against the United States. Title 21, United States Code, Section 853(k); *United States v. Nava,* 404 F.3d 1119, 1125 (9th Cir. 2005). The ancillary proceeding set detailed in Title 21, United States Code, Section 853(n) is the only avenue available for a third party such as Movant Luu to assert her interest in property once an Indictment seeking forfeiture of the property has been filed. In order to challenge the forfeiture in the criminal ancillary proceeding a petitioner should file a petition pursuant to Title 21, United States Code, Section 853(n), asserting that she rather than the government is entitled to the property pursuant to the provisions of Title 21, United States Code, Section 853(n)6).

Because Movant has, heretofore, failed to file a petition claiming an interest in the $366,210, Movant Luu has failed to establish the requisite statutory standing to challenge the forfeiture, and therefore her motion must be denied.

However even if movant had filed a petition in the ancillary proceeding under Title 21, United States Code, Section 853, and therefore established standing to contest the forfeiture in the ancillary proceedings, her motion would fail on the merits.

In the Motion to Dismiss Forfeiture Action and Return Seized Property, Movant asserts that the Government failed to satisfy the notice requirements set forth in Title 18, United States Code, Section 983(a)(1)(A)(i), specifically that Movant was not provided with proper notice of seizure by the seizing agency within 60 days after the date of seizure.

In its Response, the Government does not dispute the requirements set forth in Section 983 regarding notice that must be sent by the seizing agency after seizure of property, in the civil administrative forfeiture proceeding. The Government also does not dispute that notice in this case was not sent within 60 days after the date of seizure. However, the Government correctly points to further provisions of Section 983 that permit the extension of the notice period for thirty days by a supervisory official in the headquarters office of the seizing agency, Section 983(a)(1)(B), and subsequently by the

1  Court upon motion of the Government, Section 983(a)(1)(C), if the Government can
2  make the requisite showing that giving notice may have certain adverse results to its
3  underlying investigation. *See* Title 18, United States Code, Section 983(a)(1)(D). The
4  Government asserts that it has satisfied these proscribed requirements and attached copies
5  of documents establishing that timely agency delay was granted initially and that timely
6  ex parte orders of a magistrate judge of this Court were obtained allowing for the delay of
7  notice. The Government further attached a copy of the timely notice mailed to Movant
8  prior to the expiration date of the extended deadline notice set forth in the magistrate
9  judges' final order.

10       Movant Luu did not file a reply to the Government's Opposition to her motion, nor
11  did she file anything to factually rebut the Government's showing that the seizing agency,
12  the Drug Enforcement Administration, was in timely compliance with the notice
13  requirements set forth in Title 18, United States Code, Section 983(a), given the
14  extensions for delay of notice granted by the agency official and subsequently the court.
15  Movant's assertions to the contrary are without merit. Further, Movant's arguments are
16  based upon procedural requirements set forth in the statute governing civil forfeiture
17  proceedings. The asset at issue here was forfeited in a criminal forfeiture as part of the
18  sentence imposed on Andrew Yim. The Government obtained a protective order in the
19  criminal case allowing it to retain possession of the currency during the pendency of the
20  criminal case without the necessity of filing a civil forfeiture case, and Movant does not
21  claim any procedural defects in the criminal forfeiture proceeding.

22       Movant does assert that the Government has failed to establish any nexus between
23  the seized property and any illegal activity. However, on October 31, 2011, this Court,
24  upon the motion of the United States, entered a Protective Order on the grounds that the
25  United States had established probable cause that the $366,210 in United States currency
26  was subject to forfeiture as proceeds of the charged Conspiracy to Distribute Controlled
27  Substances, as evidenced by the inclusion of the currency in the First Superseding
28  Indictment returned by the Grand Jury. Further, the Court, in its Preliminary Order of
    Forfeiture, found that the $366,210 in United States currency was subject to forfeiture to

the United States because it constitutes, or was derived from, proceeds obtained directly, or indirectly, as a result of the charged Conspiracy to Distribute Controlled Substances, based upon the guilty plea and the plea agreement of Andrew Yim. Because of these determinations, the assertion that the Government has failed to establish a nexus between the seized property and illegal activity is without merit.

The government has met its burden, through the findings of the Grand Jury in the First Superseding Indictment and, in particular, the plea agreement of Andrew Yim and the Preliminary Order of Forfeiture, also signed by Yim, that the forfeited currency constituted proceeds of a conspiracy to distribute controlled substances. Movant has had an opportunity to challenge those findings in the ancillary proceedings, by filing a timely petition in those proceedings, and then establishing at a hearing that the funds were derived from a legitimate source and that she had a superior interest in them based upon her ownership of those funds. This she has failed to do.

## CONCLUSION

For the reasons stated above, the Court DENIES the Motion to Dismiss Forfeiture Action and Return Seized Property. Movant lacks statutory standing to contest the forfeiture in this ancillary proceeding based upon her failure to file a petition pursuant to Title 21, United States Code, Section 853(n),and, further, her assertions that the Government has not complied with Title 18, United States Code, Section 983, or that the Government has not established a nexus between the $366,210 in United States currency and any illegal activity, are without merit. The Government fully complied with the applicable statutory notice requirements and had already established a sufficient nexus between the currency and illegal conduct.

The Clerk is Ordered to send copies of this Order to counsel for all parties of record.

DATED this 10th day of <u>August</u>, 2012.

Marsha J. Pechman
United States District Judge